# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| TRACEY M. GRAGG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 18-cv-3162 |
| | ) |
| AMERICAN INTERCONTINENTAL UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Tracey M. Gragg's Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) (IFP Motion). Gragg has not paid the filing fee. This Court must dismiss any case brought in forma pauperis if the case fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons set forth below, this Court recommends that this case be dismissed pursuant to §1915(e)(2)(B)(ii) with leave to replead.

## PLAINTIFF'S ALLEGATIONS

Plaintiff Gragg's Complaint (d/e 1) alleges the following. On May 10, 2018, Gragg was looking to enroll in a college so that "I can borrow on my FAFSA loans to help my sick husband with Renal Failure who's blind be

able to get him housing, & a vehicle to get a job to get him off the streets as a homeless individual." Complaint, at 1.[1] Gragg found an advertisement for Defendant American Intercontinental University (University) on Facebook. She signed up online and immediately received a telephone call from a University representative. The University representative called "to do the financial aid which I did." Id. Gragg was told that she would receive her first financial aid payment in a week.

Gragg enrolled in a course identified as UNIV 103. She started taking the class on May 30, 2018. She had not received a financial aid payment as of that date. Id.

Gragg called the University regarding her student loan application.[2] She was told the loan was under verification. Gragg contacted FAFSA regarding the verification status. The FAFSA representative told Gragg that her loan was never under verification. Gragg called the University financial aid office. A University representative treated her "like a dog" and told her that her loan application was under verification. Thereafter, "All of a sudden I filled out the budget worksheets & was told my Financial Aid went through." Id. University representatives told her she would receive

---

[1] The Court takes judicial notice that FAFSA stands for Free Application for Federal Student Aid. See https://fafsa.ed.gov.
[2] The Court cannot determine from the Complaint whether Gragg made this call before or after May 30, 2018.

her first payment on June 26, 2018. She called the University a week later and was told she would receive the first payment in 30 days. As of the date she filed that Complaint, Gragg had not received a financial aid payment.

Gragg also alleges that the University has not accepted her high school transcript. Gragg graduated from Auburn High School. Gragg received a regular high school diploma, but the transcript shows the fact that Gragg "was in special needs in high school." The University has threatened to drop her. Gragg alleges:

> [W]hen calling Admissions I was told by one of American Intercontinental University's workers that they don't accommodate people who were in special needs which is clearly discrimination & if this was the case they were going to rescind my education and kick me out of American Intercontinental University for the reasons set forth above I pray to the courts for my lawsuit against American Intercontinental University to go through & I pray for the relief requested in the amount of what is owed to me which is 9,000 from FAFSA.

Complaint, at 1.

## ANALYSIS

A complaint must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009).  A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds upon which it rests.  <u>George v. Smith</u>, 507 F.3d 605, 608 (7th Cir. 2007).  Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."  <u>Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC</u>, 499 F.3d 663, 667 (7th Cir. 2007).

      Gragg attempts to allege disability discrimination in violation of the Americans with Disabilities Act for denying her access to educational services from a place of public accommodation due to her disability, and a violation of the Rehabilitation Act for excluding her from programs or activities receiving federal financial assistance due to her disability. 29 U.S.C. § 794(a); 42 U.S.C. §§ 12132, 12182.   To state a claim, Gragg must allege that she was a qualified individual with a disability and that, "(1) the defendant intentionally acted on the basis of the disability, (2) the defendant refused to provide a reasonable modification, or (3) the defendant's rule disproportionally impacts disabled people."  <u>A.H. by Holzmueller v. Illinois High School Association</u>, 881 F.3d 587, 593 (7th Cir. 2018).  The plaintiff must also allege that "but for" the wrongful conduct, she would not have been injured.  <u>Id.</u>, at 593-94.

Gragg fails to state a claim because she fails to allege that she is disabled. The ADA defines qualified individual with a disability as follows:

> The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131. The ADA defines a disability, in relevant part, as follows:

> The term "disability" means, with respect to an individual--
>
> **(A)** a physical or mental impairment that substantially limits one or more major life activities of such individual;
>
> **(B)** a record of such an impairment; or
>
> **(C)** being regarded as having such an impairment . . . .

42 U.S.C.A. § 12102. The ADA's definition of disability is incorporated by reference into the relevant portions of Rehabilitation Act. 29 U.S.C. § 705(20)(B).

To state a claim, therefore, Gragg must allege that she is an individual with a disability. She must allege that she has an impairment that substantially limits a major life activity, that she has a record of such an impairment, or that she was regarded as having such an impairment. She

does not allege any facts that would plausibly show any of these. She only alleges that she attended special needs classes in high school. She does not allege why she attended those classes. A person may attend special classes for any number of reasons. The allegations are not sufficient to plausibly show that Gragg is an individual with a disability. She therefore fails to plead this essential element of her claim.

She also fails to allege "but for" causation. She initially alleges wrongful conduct in processing her FAFSA loan. Gragg's allegations do not show any causal connection between her physical or mental condition and the loan processing. She alleges that she wanted the loan to pay rent for her disabled husband. Under these allegations, her husband's condition would not be relevant. The University only dealt with her. At present, she alleges no causal connection between her mental or physical condition and the alleged wrongful loan processing.

Gragg also alleges that the University threatened to revoke her admission because she took special needs classes. These allegations show a causal connection between a high school transcript with special needs classes and the University's provision of denial of services to her. As explained above, however, the fact she went to special needs classes in high school does not allege sufficient facts to show that she is disabled

under the ADA or the Rehabilitation Act.  The allegations, therefore, do not show a causal connection between a disability and the alleged wrongful conduct. Gragg fails to state a claim.  The Court recommends that her Complaint should be dismissed with leave to replead.

THEREFORE, THIS COURT RECOMMENDS THAT this case should be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to replead.

Plaintiff Gragg is advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986).  See Local Rule 72.2.

ENTER:   July 13, 2018

s/ *Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE